■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HAYWOOD BOLLING, Appellant, v DAVID MILLER, as Superintendent of Eastern Correctional Facility, Respondent. [681 NYS2d 124] —Appeal from a judgment of the Supreme Court (Torraca, J.), entered February 11, 1998 in Ulster County, which dismissed petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Pursuant to a two-count indictment, petitioner was charged with the crimes of robbery in the first degree (count one) and criminal use of a firearm (count two). Following a jury trial at which the trial court reasoned that the second count of the indictment would not be submitted to the jury because it merged with the first count, petitioner was found guilty of robbery in the first degree and was sentenced in July 1985 to a prison term of 10 to 20 years, to be served consecutively with the 10- to 20-year concurrent sentences he was then serving pursuant to an April 18, 1985 conviction. Petitioner commenced this habeas corpus proceeding challenging the July 1985 conviction on the ground that the action of the trial court in connection with the charge of criminal use of a firearm was tantamount to an acquittal of both charges in the indictment. Supreme Court dismissed the petition and we affirm.

As properly noted by Supreme Court, even if petitioner's challenge to his July 1985 conviction was correct, petitioner would not be entitled to immediate release inasmuch as his April 1985 sentence does not expire until 2004 and, therefore, habeas corpus relief is unavailable (*see, People ex rel. Hendy v Shriver*, 252 AD2d 692; *People ex rel. Mabery v Leonardo*, 177

AD2d 766, *lv denied* 79 NY2d 753). Moreover, petitioner's contention regarding his July 1985 conviction could have been raised on his direct appeal (*see, People ex rel. Hendy v Shriver, supra*). The remaining contentions advanced by petitioner have been reviewed and found to be without merit.

Mikoll, J. P., Crew III, White, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.